IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION LAW CENTER,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>and<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendants. | Civil Action No. |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. Plaintiff National Immigration Law Center ("NILC") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for injunctive and other appropriate relief to compel the prompt disclosure and release of documents from Defendants U.S. Department of Homeland Security ("DHS") and DHS's component agency, U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants").

2. On December 7, 2018, NILC submitted a FOIA request (the "Request") to DHS and ICE seeking specific information related to the identities of all ICE, Homeland Security Investigations ("HSI"), or other DHS personnel who were physically present during a worksite enforcement operation conducted on April 5, 2018 at Southeastern Provision, located at 1617 Helton Road, Bean Station, Tennessee (the "Raid").

3. More than three months have passed since NILC submitted the Request, and more than two months have passed since the standard 20-day business day response period under 5

U.S.C. § 552(a)(6)(A)(i).  To date, Defendants have failed to produce a single document in response to the Request and, other than DHS acknowledging receipt of the Request and simultaneously "transferring" the Request to the ICE FOIA Office, have not communicated with NILC regarding the status of that Request.  In short, Defendants have wholly failed to comply with their obligations under FOIA.  NILC files this lawsuit to seek expedited production, on or before April 2, 2019, of the documents and information it seeks.

## PARTIES

4. Plaintiff NILC is a nonprofit legal advocacy organization that engages in policy analysis, advocacy, education, and litigation to promote and advance the rights of low-income immigrants and their families.  NILC serves as an important resource to a broad range of immigrant advocacy groups, community organizations, legal service organizations, and the public.  As a part of its work, NILC actively engages with and disseminates information to the public through trainings and other education and information materials.  It also represents individuals who have experienced violations of their constitutional rights.  NILC submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

5. Defendant DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States.  On information and belief, DHS (whether for itself or via a component agency, such as ICE) has possession of and control over the documents and information requested by NILC under the FOIA.

6. Defendant ICE is a component agency of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  ICE is the component agency of DHS responsible for the

enforcement of federal laws governing border control, customs and immigration. On information and belief, ICE (whether for itself or via a subcomponent, such as HSI) has possession of and control over the documents and information requested by NILC under the FOIA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346. This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8. This Court also has personal jurisdiction over each of the Defendants because each Defendant is conducting business and maintaining operations in this District.

9. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which provides for the hearing of FOIA cases in, among other proper venues, the district in which responsive records may be found and in the District of Columbia.

10. Injunctive relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

11. Any member of the public may request records from an agency of the United States under FOIA. Under 5 U.S.C. § 552(a)(6)(A)(i), an agency that receives a FOIA request must respond in writing to the requestor within 20 business days after receipt of the request, excluding legal public holidays. According to this provision of FOIA, in its response, the agency must: inform the requestor as to whether it intends to comply with the request; provide reasons for its determination; and inform the requestor of its right to appeal the determination.

12. Under 5 U.S.C. § 552(a)(6)(B)(i), FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days." Under this

provision, such extension requires the agency to provide written notice to the person making the FOIA request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched.

13. While there is not statutory guidance on whether a government shutdown would count as "unusual circumstances," the Department of Justice's Handbook for Agency Annual Freedom of Information Act Reports (the "Handbook") suggests that it would not. On page nine, the Handbook directs that "even where an entire agency FOIA office is closed due to weather conditions, furloughed employees, or other circumstances, the agency must count those days for reporting purposes." A copy of the Handbook is attached as **Exhibit A** to this Complaint.

14. Under 5 U.S.C. § 552(a)(6)(C)(i), a FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within statutory time limits.

15. Under 5 U.S.C. § 552 (a)(3)(C), the FOIA requires an agency to make a reasonable search for responsive records. Similarly, under 5 U.S.C. §§ 552(a)(3)(A) and 552(b)(1)-(9), the FOIA requires an agency to disclose in a timely manner, in response to a FOIA request, all records that do not fall within nine narrowly construed statutory exemptions.

16. Under 5 U.S.C. § 552(a)(6)(E), expedited processing should be provided for a person who demonstrates a "compelling need" for the records.

17. Under 5 U.S.C. § 552(a)(4)(B), upon a requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

18.     On April 5, 2018, in a calculated, militaristic fashion, armed officers from several agencies, including ICE and HSI (the "Officers"), descended on a meatpacking plant in Bean Station, Tennessee. The Officers were not searching for terrorists, armed criminals, or violent felons. Rather, they were assisting with the execution of an IRS search warrant for financial documents related to the alleged crimes of the plant's owner, James Brantley. In an intricately planned operation, the Officers ignored the scope of the IRS warrant and executed the largest workplace immigration raid in nearly a decade, seizing and arresting approximately one hundred Latino workers. The Officers physically and verbally abused the Latino workers. The plant's Caucasian workers, however, were not subjected to the same treatment. Only eleven of the approximately one hundred workers who were unlawfully detained were ultimately charged with *any* crime, and of those, none were charged with a violent crime.

19.     On February 21, 2019, seven individuals arrested in the Raid,[1] individually and on behalf of themselves and a class of similarly situated workers, filed a Complaint against several named Officers and Doe Defendants 1-30 to defend and vindicate their rights under the Fourth and Fifth Amendments to the U.S. Constitution. Plaintiffs' claims are being brought against the individual defendants under the *Bivens* doctrine, which is a remedy for when a federal officer violates the Constitution while acting under color of federal authority. This litigation is currently pending in Case No. 3:19-cv-00062 in the United States District Court for the Eastern District of Tennessee, Knoxville Division (the "Raid Litigation"). NILC, along with attorneys from the Southern Poverty Law Center and other pro bono attorneys, represents plaintiffs in the Raid

---

[1] Isabel Zelaya, Geronimo Guerrero, Carolina Romulo Mendoza, Luis Bautista Martínez, Martha Pulido, Maria del Pilar Gonzalez Cruz, and Catarino Zapote Hernández.

Litigation. A copy of the complaint filed in the Raid Litigation is attached as **Exhibit B** to this Complaint.

20.  Despite multiple efforts[2] directed towards gaining information as to the identity and service-of-process-related information of the Doe Defendant Officers who participated in the Raid, the agencies have stonewalled NILC. This information is needed immediately because without it the Doe Defendants will not be identified and individually named in the Raid Litigation prior to April 5, 2019, the one-year anniversary of the Raid. As a result, NILC expects that the government, on behalf of the Doe Defendants, will claim that the one-year statute of limitations has expired and they can no longer be compelled to defend their actions. NILC believes that any such argument is wrong as a matter of law. Nevertheless, without expedited

---

[2] NILC originally filed an expedited FOIA request with DHS and ICE on April 10, 2018 ("Original Request"). This Original Request was broad in scope and sought "[a]ll records compiled or prepared by ICE or HIS . . . pertaining to the worksite enforcement operation" along with other requests for communications and correspondence of the agencies involved. A copy of the Original Request is attached as **Exhibit C** to this Complaint. The Original Request was acknowledged by ICE, via email, by letters dated May 8, 2018 and May 11, 2018—over 21 days later and, thus, in violation of 5 U.S.C. § 552(a)(6)(A)(i), and assigned ICE FOIA Case Number 2018-ICFO-34183 and ICE FOIA Case Number 2018-ICFO-35188, respectively. A copy of the May 8 email is attached as **Exhibit D**, and a copy of the May 11 email is attached as **Exhibit E** to this Complaint. NILC received no communications from DHS. On June 5, 2018, ICE sent a "final response" letter notifying NILC that it was withholding all documents, claiming an exemption under 5 U.S.C. § 552(b)(7)(A). NILC then sent the more narrowly tailored Request in December 2018 that is the subject of this litigation. Because ICE's June 5, 2018 letter response was a "final response," related to the Original Request, ICE FOIA Case Number 2018-ICFO-34183, NILC believes that it has no bearing on the Request that is the subject of this litigation. A copy of the final response letter is attached as **Exhibit F** to this Complaint. NILC has also attempted to compel defendants in the Raid Litigation to produce the requested information in discovery. A copy of the Motion for Leave to Take Expedited Discovery is attached as **Exhibit G** to this Complaint. Defendants have opposed the motion. A copy of the Response is attached as **Exhibit H** to this Complaint. NILC has also attempted to gain the requested information by serving a subpoena in the Raid Litigation to DHS. A copy of the subpoena is attached as **Exhibit I** to this Complaint.

production of this information, plaintiffs in the Raid Litigation may be unable to protect their constitutional rights.

21.     The government's tactic is clear: delay until it can argue that the statute of limitations has expired.  Defendants should not be allowed to drag their feet in an attempt to try to gain an advantage (however wrong as a matter of law) in the Raid Litigation.  Moreover, there can be no dispute that NILC is entitled to the information under FOIA.

## THE FOIA REQUEST

22.     On December 7, 2018, NILC submitted the Request to DHS and ICE by fax.  The Request, assigned FOIA Number 2019-HQFO-00214, was narrow, targeted and detailed.  It seeks records related to ascertaining the identities of all ICE, HSI, or other DHS personnel physically present during the Raid on Southeastern Provision located at 1617 Helton Road, Bean Station, Tennessee on April 5, 2018.  A copy of the Request is attached as **Exhibit J** to this Complaint.

23.     Specifically, NILC's Request seeks:

> The identities of all ICE, HSI or other Department of Homeland Security personnel physically present during the above-referenced Raid, including, but not limited to:
> a) Full name;
> b) Rank or official title; and
> c) Office location.

24.     NILC requested a waiver of all fees for the Request pursuant to 5 U.S.C. § 552(a)(4)(A) because disclosure of the requested information was in the public interest and not in NILC's commercial interest.  Numerous news accounts reflect the strong and sustained public interest in the records NILC seeks.[3]

---

[3]  *See* "ICE Raids Meatpacking Plant in Rural Tennessee; 97 Immigrants Arrested," Washington Post (Apr. 6, 2018), https://www.washingtonpost.com/local/immigration/ice-raids-meatpacking-plant-in-rural-tennessee-more-than-95-immigrants-

25. NILC also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(d)(1) because, among other reasons, any delay in receiving the records requested would result in "'the loss of substantial due process rights.'"[4] Reports about the Raid raised serious questions about the manner in which the worksite enforcement operation was conducted and showed possible constitutional violations which require an immediate response to address these violations. As described below, NILC ultimately filed litigation on behalf of the workers subjected to the Raid.

26. NILC also kept records showing successful delivery of the Request on December 7, 2018, by fax to ICE and DHS. A copy of the fax to ICE is attached as **Exhibit K**, and a copy of the fax to DHS is attached as **Exhibit L** to this Complaint.

27. By letter dated December 12, 2018 (the "DHS letter"), DHS acknowledged that it had received the Request on December 11, 2018. A copy of the DHS letter is attached as

---

arrested/2018/04/06/4955a79a-39a6-11e8-8fd2-49fe3c675a89_story.html?noredirect=on&utm_term=.2db34635d80c; "Families Wait for Answers After ICE Raid in Grainger County," WBIR (Apr. 6, 2018), https://www.wbir.com/article/news/local/families-wait-for-answers-after-ice-raid-in-grainger-county/51-536062125; "Affidavit Details Alleged Worker Exploitation, Tax Fraud at Grainger Plant," WBIR (Apr. 6, 2018), https://www.wbir.com/article/news/crime/affidavit-details-alleged-worker-exploitation-tax-fraud-at-grainger-co-plant/51-535625793; "Large Cash Withdrawals Led Federal Authorities to Grainger County Slaughterhouse," ABC 6/WATE (Apr. 6, 2018), https://www.wate.com/news/local-news/97-detained-at-grainger-co-slaughterhouse-following-ice-raid/1104512258; "IRS, ICE Officials Raid Grainger County Meat Packing Plant," Citizen Tribune (Apr. 6, 2018), https://www.citizentribune.com/news/local/irs-i-c-e-officials-raid-grainger-county-meat-packing/article_214bbe7e-39ba-11e8-b62c-bb1f2d394701.html; "ICE raids Grainger County meatpacking plant amid charges owners avoided $2.5M in payroll taxes," Knox News (Apr. 5, 2018), https://www.knoxnews.com/story/news/crime/2018/04/05/ice-raids-meatpacking-plant-grainger-county/490673002/; "97 Arrested in Immigration raid at TN Beef Plant," Ag Web (Apr. 6, 2018), https://www.agweb.com/article/97-arrested-in-immigration-raid-at-tn-beef-plant/; "At least 50 detained in Tennessee Immigration Raid," Mountain news/WYMT (Apr. 6, 2018), https://www.wymt.com/content/news/478993163.html;

[4] Although NILC requested expedited review, and believes that it is entitled to expedited processing of its FOIA request, NILC is using the standard 20 day timeline for purposes of showing that Defendants did not comply with the statutory deadline. Defendants' refusal to acknowledge the Request for expedition simply adds to the harm here.

**Exhibit M** to this Complaint. The DHS letter assigned FOIA Number 2019-HQFO-00214 to the Request and, due to its subject matter, transferred the Request to the FOIA Officer for ICE.

28. No extension under 5 U.S.C. § 552(a)(6)(B)(i) was sought by either DHS or ICE for any "unusual circumstances" that would justify an extension.

29. Because NILC transmitted the Request on December 7, 2018, both DHS and ICE were required to respond by January 7, 2019. But even if the response period did not start until DHS acknowledged receipt on December 11, 2018, and even assuming Defendants' response were to be tolled during the 35-day government shutdown from December 22, 2018 to January 25, 2019, the deadline to respond would have been on or before February 11, 2019.

30. As of the filing of this Complaint, NILC has received no further correspondence from DHS.

31. As of the filing of this Complaint, NILC has received no communication from ICE.

32. As of the filing of this Complaint, neither DHS nor ICE has produced any documents or records responsive to the Request.

33. Based on the foregoing, both DHS and ICE have constructively denied the Request.

## CAUSES OF ACTION

34. NILC re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

35. Defendants have violated FOIA, 5 U.S.C. § 552(a)(6)(A), by failing to timely respond to NILC's Request.

36. Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(C)-(D), by failing to make reasonable efforts to search for records responsive to NILC's Request.

37. Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(A), by failing to promptly release agency records in response to NILC's Request.

38. Because Defendants have failed to comply with the FOIA time-limit provision, NILC is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

39. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of FOIA. NILC will suffer irreparable injury from, and have no adequate remedy at law for, Defendants' illegal withholding of government documents subject to NILC's Request.

## PRAYER FOR RELIEF

For these reasons, Plaintiff National Immigration Law Center asks that the Court grant the following relief:

a. Enjoin Defendants and order them to immediately process and issue a determination on the Request;

b. Enjoin Defendants and order them to produce, in a form that allows NILC to reasonably and quickly ascertain the requested information, all records responsive to the Request on or before April 2, 2019;

c. Award NILC its costs and reasonable attorneys' fees incurred in this action; and

d. Grant such other relief as the Court may deem just and proper.

Dated:  March 26, 2019

Respectfully submitted,

/s/  Donald P. Salzman
Donald P. Salzman, DC Bar No.  479775
1440 New York Avenue, N.W.
Washington, D.C.  20005
T: 202-371-7983
F: 202-661-9063
E: Donald.Salzman@probonolaw.com

Eben P. Colby, MA Bar No. 651546, Motion for Pro Hac Vice to be Filed
500 Boylston Street
Boston, Massachusetts 02116
T: 617-573- 4855
F: 617-305-4855
E: Eben.colby@probonolaw.com

Arthur R. Bookout, DE Bar No. 5409, Motion for Pro Hac Vice to be Filed
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
T: 302-651-3026
F: 302-434-3026
E: Art.bookout@probonolaw.com

Jason S. Levin, DE Bar No. 6434, Motion for Pro Hac Vice to be Filed
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
T: 302-651-3086
F: 302-434-3085
E: Jason.levin@probonolaw.com

*Counsel for National Immigration Law Center*