

April 3, 2019

Office of the General Counsel
Attn: John Mitnick
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, D.C. 20528
ogc@hq.dhs.gov

*Service Accepted in Official Capacity Only:*
*Received Personal Service on* 4/3/19 *at* 2:16 p
*by* Sam Fillmore

U.S. Attorney's Office
Attn: Kenny Saffles & Leah Mclanahan
800 Market Street, Suite 211
Knoxville, TN 37902
Kenny.Saffles@usdoj.gov
Leah.McClanahan@usdoj.gov

**RE:**   ***Touhy* Request/ Document Subpoena to DHS related to *Zelaya, et al. v. Miles, et al.*,
3:19-CV-00062 (E.D. Tenn.)**

Dear Counselors:

Enclosed please find a subpoena for documents being served upon the U.S. Department of
Homeland Security (DHS) on behalf of the Plaintiffs in the abovementioned matter. The
subpoena seeks a list that identifies the name and rank of the agents involved in the planning and
execution of the Internal Revenue Service search warrant of the Southeastern Provision plant on
April 5, 2018 in Bean Station, Tennessee. A redacted version of the list this subpoena requests
was produced by DHS to the National Immigration Law Center (NILC) pursuant to an April 2,
2019 order of the U.S. District Court for the District of Columbia in *NILC v. DHS, et al.*, 1:19-
cv-00866 (RC) (D.D.C. filed Mar. 26, 2019).

The subpoena is being served pursuant to Federal Rule of Civil Procedure 45, the procedures set
forth in 6 C.F.R. § 5, *et seq.*, and order of the U.S. District Court for the Eastern District of
Tennessee (Doc. 44).

**As the requested document has been identified and produced in redacted form already,
Plaintiffs request DHS produce a version of the List <u>with the names and ranks of the agents
unredacted</u> by April 4, 2019 at 12:00 p.m. EST**. Plaintiffs request production of the fully
unredacted List by April 15, 2019 at 5:00 p.m. EST.

1

Please do not hesitate to contact us with any questions at the below telephone numbers and/or email addresses.

Sincerely,

s/ Meredith B. Stewart
Meredith B. Stewart
Southern Poverty Law Center
201 St. Charles Ave., Suite 2000
New Orleans, LA 70170
(504) 486-8932
meredith.stewart@splcenter.org

s/ Araceli Martínez-Olguín
Araceli Martínez-Olguín
National Immigration Law Center
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
(213) 797-7420
martinez-olguin@nilc.org

*Attorneys for Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| Isabel Zelaya, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:19-cv-00062-PLR-HBG |
| | ) | |
| Jere Miles, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   U.S. Department of Homeland Security, c/o John Mitnick, General Counsel, 245 Murray Lane SW,
Mail Stop 0485, Washington D.C. 20528

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material: See attached addendum.

| Place: Attn: Meredith Stewart | Date and Time: |
|---|---|
| meredith.stewart@splcenter.org | 04/04/2019 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date:   04/03/2019

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Izabel Zelaya, et al.                                         , who issues or requests this subpoena, are:

Meredith Stewart,201 St.Charles Ave,Suite 2000,New Orleans,LA 70170,504-486-8982,meredith.stewart@splcenter.org

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:19-cv-00062-PLR-HBG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO FORM AO88 - SUBPOENA IN A CIVIL CASE

In accordance with Fed. R. Civ. P. 45, you are commanded to produce and permit inspection of the following objects described below, at the place, date and time specified on the subpoena. Please email the objects to the following addresses by the date specified on the subpoena:

**Attn: Meredith Stewart**
meredith.stewart@splcenter.org
tori.guy@splcenter.org

You should produce all documents and things in your custody, possession or control, as well as those in the possession, custody or control of your employees, agents, companies, corporations, partners, attorneys and all others from whom you may reasonably obtain them. If the documents are electronically stored, all available versions of the documents should be produced on a compact disc in their native format(s) and without making any alterations or changes. For example, if the original document was created in Microsoft Word, please produce the Microsoft Word document by copying it to a disc without making any changes. If your responses will include electronically stored information, we ask that you or your attorney (if you are represented by one) contact Plaintiffs' counsel Meredith Stewart (504-486-8982) or Araceli Martínez-Olguín (213-797-7420) to discuss appropriate production of such electronically-stored information in accordance with the federal rules.

If you contend that any materials encompassed by this request are subject to privilege, you must comply with the requirements of Fed. R. Civ. P. 45(d) in responding to this subpoena.

## DEFINITIONS

1.      The word "DOCUMENT" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the

1

broadest sense permissible.  Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made.  Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, telegrams, telexes, facsimiles, electronic mail, reports, text messages, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2.      With respect to a person, the word "IDENTIFY," or any version thereof, shall mean to specify the person's:

      (1) Full name;

      (2) Title;

      (3) Agency/Department;

(3) All known telephone numbers; and

(4) All known addresses.

3.      "DHS" refers to the following Department of Homeland Security subcomponents: Immigration and Customs Enforcement, Homeland Security Investigations, and Enforcement and Removal Operations.

4.      "OFFICER AND/OR EMPLOYEE" refers to any individual, in his official capacity; employed by DHS or acting on its behalf.

5.      "SUPERVISOR" refers to any DHS OFFICER AND/OR EMPLOYEE with supervisory duties.

6.      The singular includes the plural and vice versa; "any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; "and" should be understood to include and encompass "or"; and "any" should be understood to include and encompass "any" and "every."

7.      The term "relating to," "relate to," or "related to" means all matters or things, which in any way discuss, support, are connected to, arise from, reflect, summarize, evaluate or comment on the subject in question.

8.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request all responses that might otherwise be deemed outside the scope.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

10.     The use of any masculine or feminine pronoun includes both the masculine and feminine.

3

**YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:**

- An unredacted version of the 10-page document (the List) that the U.S. Department of Homeland Security produced to the National Immigration Law Center on April 2, 2019 pursuant to the April 1 order of the U.S. District Court for the District of Columbia in *NILC v. DHS*, *et al.*, 1:19-cv-00866 (RC) (D.D.C. filed Mar. 26, 2019), attached hereto as Exhibit A.[1]

---

[1] Plaintiffs request that DHS produce a version of the List <u>with the names and ranks of the agents unredacted</u> by April 4, 2019 at 12:00 p.m. EST.  Plaintiffs request production of the fully unredacted List by April 15, 2019 on 5:00 p.m. EST.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

ISABEL ZELAYA, et al.,

                    Plaintiffs,

v.

JERE MILES, et al.

                    Defendants.

Civil Action No. 3:19-cv-00062-PLR-HBG

CLASS ACTION

## DECLARATION OF MEREDITH B. STEWART IN SUPPORT OF THE SUBPOENA TO THE U.S. DEPARTMENT OF HOMELAND SECURITY

I, Meredith Stewart, do declare and say the following:

1.    My name is Meredith Stewart.  I am over the age of 18 years and am competent to give this Declaration.  I am a resident of New Orleans, Louisiana.

2.    I work for the Southern Poverty Law Center, and I am one of the attorneys for the Plaintiffs in *Zelaya, et al. v. Miles, et al.*, 3:19-cv-00062.

3.    I submit this Declaration in support of Plaintiffs' subpoena to the U.S. Department of Homeland Security ("DHS") for records related to the identities of the Doe Defendants in this matter and in compliance with the DHS regulations at 6 C.F.R. § 5 *et seq.*

4.    The subpoena will be served on the DHS Office of General Counsel in Washington D.C. in accordance with 6 C.F.R. §§ 5.41 and 5.43, as well as Counsel for Defendant Jere Miles at the U.S. Attorney's Office for the Eastern District of Tennessee.

## BACKGROUND ON THE PROCEEDINGS

5.    Plaintiffs and the putative class members are individuals of Latino ethnicity or race who were working in the Southeastern Provision meatpacking plant ("Plant") on April 5,

1

2018 when dozens of DHS agents from Immigration and Customs Enforcement ("ICE"),

Homeland Security Investigations ("HSI"), and Enforcement and Removal Operations ("ERO")

raided the Plant during the execution of an Internal Revenue Service search warrant for

documents ("the Raid").  Plaintiffs allege that the agents' conduct during the Raid violated their

rights under the Fourth and Fifth Amendments to the U.S. Constitution.  Plaintiffs also allege

that the agents conspired to violate the Plaintiffs' and the class members' fundamental rights in

the planning and the execution of the Raid.

   6. Plaintiffs, on behalf of themselves and the proposed class, filed the lawsuit on

February 21, 2019 against officers from ICE, in their individual capacities, for damages and

declaratory relief.  *See* Pls' Compl., Doc. 1.  Plaintiffs are suing nine named ICE agents and

thirty unknown Doe Defendants/ ICE agents.

   7. On February 25, 2019, Plaintiffs filed a Motion for Leave to Take Expedited

Discovery for the limited purpose of ascertaining the identifies of the Doe Defendants. Doc. 9. In

that Motion, Plaintiffs described the measures they have taken to identify the Doe Defendants,

including making two Freedom of Information Act (FOIA) requests to DHS, making an Open

Records Act request to the Tennessee Highway Patrol, conducting an extensive review of media

coverage of the Raid, and attempting to contact the U.S. Attorney's Office to discuss obtaining

the Doe Defendant identities.  Doc. 10, at 7-8.

   8. Defendant Miles opposed Plaintiffs' Motion stating, *inter alia*, that the "Plaintiffs

should seek information from DHS records from the United States (through its agencies) by

serving third-party discovery . . . ." *See* Doc. 24.  Defendant also argued that the DHS' Touhy

Regulations, codified at 6 C.F.R. 5 § *et seq.*, apply to any request for information from DHS or

its current or former employees.

9.      On March 12, 2019, Plaintiffs sought the consent of counsel for Defendant Miles to a motion for leave to issue a subpoena to DHS.  Counsel for Defendant Miles declined to consent or join in that motion.  On March 14, Plaintiffs filed a Reply brief requesting leave of Court to issue this subpoena to DHS.

10.     On March 26, 2019, the National Immigration Law Center ("NILC") filed a lawsuit against DHS and ICE under the Freedom of Information Act ("FOIA") for injunctive relief to compel the disclosure and release of documents from DHS and ICE requested in a December 7, 2018 FOIA Request for the names, ranks, and office addresses of the agents involved in the raid.  *See NILC v. DHS, et al.*, 1:19-cv-00866 (RC) (D.D.C. filed Mar. 26, 2019).

11.     On April 1, 2019, the U.S. District Court for the District of Columbia ordered DHS/ICE to produce a document identifying the agents involved in the raid.  On April 2, 2019, DHS/ICE produced a 10-page document that included the names and titles of the agents involved in the raid.  The names, ranks, and ostensibly all other personal identifying information about the agents, were redacted. *See* April 2 List, Doc. ID 2019-ICLI-00027, attached hereto as Exhibit A ("the List").

12.     On April 1, counsel for the Parties, including the undersigned, attended a hearing before Magistrate Judge Bruce Guyton on Plaintiffs' Motion for Expedited Discovery (Doc. 27) and the United States' Motion for a Protective Order to prevent public disclosure of the "personal information" of Defendants (Doc. 27).  During that hearing, Assistant U.S. Attorney Kenny Saffles informed the Court that the United States is not seeking to include the Defendants' names within the scope of the protective order it is seeking.

13.     On April 2, 2019, the Court granted Plaintiffs' motion for leave to issue a subpoena to DHS.  Doc. 44.

3

## NATURE AND RELEVANCE OF THE DOCUMENTS

14.     Plaintiffs serve this subpoena on the DHS General Counsel pursuant to 6 C.F.R. § 5.43 and Federal Rule of Civil Procedure 45.

15.     Plaintiffs seek an unredacted version of the List that DHS/ICE produced to NILC in redacted form on April 2, 2019.  The List is relevant to the litigation because it reveals the identities of the Doe Defendants, who Plaintiffs have alleged engaged in unconstitutional conduct in the Raid's execution, including making and implementing the decision to detain and arrest only the Latino workers.  If Plaintiffs do not name the Doe Defendants prior to April 5, 2019 – the expiration of the statute of limitations period applicable to their claims – they risk losing their individual and class-wide claims.

16.     Additionally, the List is relevant to this litigation because it will allow Plaintiffs to effectuate service on the named and unnamed Defendants and dismiss improperly named Defendants, if necessary.

17.     DHS has custody or possession of the List because it already produced it to NILC, only in redacted form.  As is evident by this request for a single document that DHS has already produced, Plaintiffs are not seeking voluminous discovery from DHS through this subpoena.

## OTHER CONSIDERATIONS

18.     Disclosure of this List is permissible under Federal Rules of Civil Procedure 26, 34, and 45.  The request is narrow and specific, and thus compliance with the subpoena will not unduly burden the agency.

19.     The public interest will be served by disclosure of the List given the pending litigation in federal court.  The Court and the public will be served by having access to the List,

particularly because it will lift the veil on the Defendants' identities, thereby narrowing the issues for the Court and conserving judicial resources.

20.    Though Plaintiffs do not believe this narrow document request will overburden the agency, Plaintiffs remain willing to work with DHS to minimize any potential burden this subpoena could cause.

21.    Plaintiffs are willing to pay a reasonable retrieval and copying fee, if necessary, for the document.

22.    The disclosure of the List will not affect the impartiality of any litigant in this case given the limited nature of the document request, nor will this disclosure affect the overall mission of DHS.

23.    Plaintiffs request DHS produce the List with the names and ranks of the agents unredacted by April 4, 2019 at 12:00 p.m. EST. Plaintiffs request a fully unredacted list by April 15, 2019.


Pursuant to 20 U.S.C. § 1746, I declare under penalty of perjury that each statement that I have made above is true and correct.


Signed this 3d day of April 2019,

_____

Meredith B. Stewart

# EXHIBIT A

Redacted List of Agents
Produced in NILC v. DHS,
1:19-cv-00866

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



**U.S. Immigration
and Customs
Enforcement**

April 2, 2019

Melissa Keaney
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard
#108-62
Los Angeles, CA 90010

**RE:    NATIONAL IMMIGRATION LAW CENTER v ICE; 19-cv-00866
ICE FOIA Case Number 2019-ICLI-00027, 2019-ICFO-32230
First Interim Letter**

Dear Ms. Keaney:

This letter is the first interim response to your Freedom of Information Act (FOIA) request to
U.S. Immigration and Customs Enforcement (ICE), dated December 7, 2018.  You have
requested "the identities of all ICE, HSI, or other Department of Homeland Security personnel
physically present during a worksite enforcement raid at Southeastern Provision located at 1617
Helton Road, Bean Station, Tennessee, to include the full name, rank or official title, and office
locations."

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the Office of Homeland Security Investigations (HSI) located records that were
potentially responsive to your request. For this production ICE reviewed 10 pages of potentially
responsive records. Portions of these documents will be withheld pursuant to Exemptions of the
FOIA as described below. These documents have been Bates numbered 2019-ICLI-00027 1
through 2019-ICLI-00027 10.

ICE has applied FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E) to portions of the pages
produced as described below.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and
similar files the release of which would cause a clearly unwarranted invasion of personal
privacy.  This requires a balancing of the public's right to disclosure against the individual's
right to privacy.  The privacy interests of the individuals in the records you have requested
outweigh any minimal public interest in disclosure of the information.  Any private interest you
may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers contained within the document, internal codes used to identify folders in an internal ICE task management system, law enforcement database category codes, and law enforcement techniques.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Diana V. Valdivia at (202) 252-2545.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   10 page(s)



DEPARTMENT OF HOMELAND SECURITY
**HOMELAND SECURITY INVESTIGATIONS**
ENFORCEMENT OPERATION PLAN



03/19/2018 13:51 EDT          OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE          Page 1 of 10

# Southeastern Provision LLC

| **HSI Office** KI - Knoxville, TN | **Case Number** (b) (7)(E) | **Case Agent(s)** (b) (6), (b) (7)(C)  (b) (6), (b) - (7)(C) (6) |
|---|---|---|

| **HSI Supervisor** (b) (6), (b) I  (b) (6), (b) @ice.dhs.gov | **Team Lead** (b) (6), (b) (7)(C)  (b) (6), (b) (7)(C) ice.dhs.gov | **AUSA / Prosecutor** Meghan Gomez 850-559-1583 |
|---|---|---|

| | **Location:** | | **Address:** | **Date/Time:** |
|---|---|---|---|---|
| **Briefing** | (b) (7)(E), (b) (6) | | (b) (6), (b) (7)(C) | Apr 4, 2018 5:00 PM |
| **Staging** | (b) (6), (b) (7)(C), (b) (7) | | (b) (6), (b) (7)(C) | Apr 5, 2018 8:00 AM |
| **Execution** | **Location:** Southeastern Provision | | **Address:** 1617 Helton Road, Bean Station, TN 37708 | **Date/Time:** Apr 5, 2018 9:00 AM |

| **Type of Operation** SW - Search Warrant | **Violations / Charges** - 18USC1341 - 18USC1343 - 26USC7201 - 26USC7206 - 8USC1324(A)(1)(A)(III)** - 8USC1326(A) | **Contraband Description** |
|---|---|---|

**Premises:**  Business
Industrial warehouse complex with outbuildings.

**Operational Objectives**

Service of Federal Search Warrant and a Notice of Inspection for Forms I-9. Interview/identify suspected illegal employees and hiring officials. Assist IRS-CID with search of premises.

Administrative arrests will be processed for removal and a determination on detention will be made pursuant to current detention priority guidelines.  Those aliens being federally prosecuted will be turned over to the U.S. Marshals Service for additional judicial proceedings. Those aliens being prosecuted for state charges will be turned over to the Grainger County Sheriff's Office for additional judicial proceedings.

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b) (6), (b) (7)(C) | (b) (6) | Chevrolet Silverado | - (b) (7)(E)<br>- Other | | |
| (b) (6), (b) (7)(C) | (b) (7) | Ford Explorer | - (b) (7)(E)<br>- Other | | |
| (b) (6), (b) (7)(C) | (b) (7)(E) | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | (b) (7)(E) | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | (b) (7)(E) | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | (b) (7)(E) | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | (b) (7) | GMC Acadia | - (b) (7)(E) | - Report of Investigation (ROI) | Interviews |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | - EAGLE Booking | |
| (b) (6), (b) (7)(C) | | | - (b) (7)(E) | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027   000002

03/19/2018 13:51 EDT

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| [b)(7)(C),(b)(6)] | | | - [b)(7)(E)] | | |
| [b)(7)(C),(b)(6)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | [b] | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | [b] | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | [b)(7)] | Jeep Cherokee | - [b)(7)(E)] | - SEACATS SAS | Interviews |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | [b)(7)(E)] | | | | |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | | Dodge Charger | - Supervisor | | Site Supervisor |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |
| [b)(6),(b)(7)(C)] | | | - [b)(7)(E)] | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027  000003

03/19/2018 13:51 EDT

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b)(6),(b)(7)(C) | (b)(7)(E) | | - (b)(7)(E) | | |
| (b)(6),(b)(7)(C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6),(b)(7)(C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6),(b)(7)(C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6),(b)(7)(C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6),(b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6),(b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6),(b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6),(b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6),(b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| Border Patrol Agent | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6),(b)(7)(C) | | | - Supervisor | | Operation Supervisor |
| Chief (b)(6),(b)(7)(C) CBP | | | - Supervisor | | |
| (b)(6),(b)(7)(C) CBP Officer | | | - (b)(7)(E) | | |

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| [(b)(6), (b)(7)(C)] CBP Officer | | | - [(b)(7)(E)] | | |
| [(b)(6), (b)(7)(C)] CBP Officer | | | - [(b)(7)(E)] | | |
| THP Strike Team | | | - [(b)(7)(E)] | | |
| SRT | | | - [(b)(7)(E)] | | |
| Lt. [(b)(6), (b)(7)(C)] THP | | | - Supervisor | | |
| Sgt. [(b)(6), (b)(7)(C)] THP | | | - [(b)(7)(E)] - Interview | | |
| Sgt. [(b)(6), (b)(7)(C)] THP | | | - [(b)(7)(E)] - Interview | | |
| Trooper [(b)(6), (b)(7)(C)] | | | - [(b)(7)(E)] - Interview | | |
| [(b)(6), (b)(7)(C)] | | | - Supervisor | | Site Supervisor |
| Trooper [(b)(6), (b)(7)(C)] THP | | | - [(b)(7)(E)] - Interview | | |
| [(b)(6), (b)(7)(C)] | | | - | - EAGLE Booking | |
| [(b)(6), (b)(7)(C)] | | | - [(b)(7)(E)] | - EAGLE Booking | |
| [(b)(6), (b)(7)(C)] | | | - [(b)(7)(E)] | - EAGLE Booking | |
| [(b)(6), (b)(7)(C)] | | | - [(b)(7)(E)] | - EAGLE Booking | |
| IRS-CID 50 Agents | | | | | |
| [(b)(6), (b)(7)(C)] CBP Officer | | | | | |

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b)(6) CBP Port Director | | | - Supervisor | | |
| (b)(6) (b)(7)(C) CBP Port Director | | | | | |
| Sgt. (b)(6) THP | | | - (b)(7)(E) | | |
| (b)(6)(b)(7)(C) THP | | | - (b)(7)(E) | | |
| (b)(6)(b)(7)(C) | | | - Supervisor | | ERO Supervisor |
| (b)(6)(b)(7)(C) THP | | | - (b)(7)(E) | | |
| (b)(6)(b)(7)(C) THP | | | - (b)(7)(E) | | |
| (b)(6) (b)(7) | (b)(7)(E) | | - Supervisor | | ERO Supervisor |
| (b)(6)(b)(7)(C) | (b)(7)(E) | Chevrolet Trailblazer | - (b)(7)(E)<br>- Other | | |
| (b)(6)(b)(7)(C) | (b)(7)(E) | Ford Explorer | - (b)(7)(E)<br>- Other | | |
| (b)(6)(b)(7)(C) | | | - Public Affairs Officer | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027  000006

# Operation Information

| | |
|---|---|
| Brief Summary of Investigation | (b) (7)(E) |
| Violations / Charges | 18USC1341 - FRAUDS AND SWINDLES |
| Violations / Charges | 18USC1343 - FRAUD BY WIRE, RADIO OR TELEVISION |
| Violations / Charges | 26USC7201 - ATTEMPT TO EVADE OR DEFEAT TAX |
| Violations / Charges | 26USC7206 - FRAUD AND FALSE STATEMENTS |
| Violations / Charges | 8USC1324(A)(1)(A)(III)** - HARBORING ALIENS |
| Violations / Charges | 8USC1326(A) - RE-ENTRY AFTER DEPORTATION |

# Deconfliction

| | |
|---|---|
| High Risk Operation? | No |
| Title 21 Investigation? | No |
| Operation Deconflicted? | Yes |
| Methods of Deconfliction | (b) (7)(E) |
| Operation Has Conflicts? | No |
| Local Law Enforcement Notified? | Yes |
| Notified Local Law Enforcement Information | |
|     Agency Or Department | Tennessee Highway Patrol-CID |
|     Contact Name | Capt. (b) (6), |
| Undercover Operatives? | No |

# Communications & Safety

| | |
|---|---|
| Nearest Trauma Center | |
|     Trauma Center Name | UT Medical Center |
|     Address | 1924 Alcoa Highway, Knoxville, TN 37920 |
|     Phone | 8653059000 |
| Nearest Hospital | |
|     Hospital Name | Morristown Hamblen Medical Center |
|     Address | 908 W 4th North Street, Morristown, TN 37814 |
|     Phone | 4234929000 |

| Potential Hazards | WP - Weapons |
|---|---|
| Hazard or Safety Notes | It is anticipated that employees will be in possession of knives, saws, and other cutting tools. |
| **Radio** | |
| Primary Radio | (b) |
| Secondary Radio | (b) (7) |
| Sector Contact Number | 8009732867 |
| **Command Center** | |
| Command Center Name | (b) (7)(E) |

## Other Considerations

| Equipment Required | (b) (7)(E) |
|---|---|
| **Attire** | |
| Type | TD - Tactical Dress |
| **Prisoner Processing Location** | |
| Location Name | Army National Guard |
| Address | 5255 E Andrew Johnson Highway, Morristown, TN 37860 |
| Air Support? | Yes |
| **Air Support Information** | |
| Call Sign | (b) (7)(E) |
| Type Of Aircraft | (b) (7)(E) |
| **Air Support Information** | |
| Call Sign | (b) (7)(E) |
| Type Of Aircraft | (b) |
| Seized Property Specialist Participating? | (7) No |
| Foreign Language Required? | Yes |
| Language(s) | SPA - Spanish |
| How will Language needs be met? | HSI/ERO and IRS Spanish speaking personnel. |
| Computer Forensics Agent Needed? | No |
| Technical Enforcement Officer Needed? | No |
| Victim/Witness Assistance Needed? | No |
| Potential Media Attention? | Yes |
| **Public Affairs Officer** | |
| Name | (b) (7)(C), (b) |
| Phone | (b) (6), (b) |

| | **SOUTHEASTERN PROVISION LLC** | |
|---|---|---|
| | Doing Business As | |
| No Mugshot Avalible | **Address(es)**<br>1617 Helton Road, Bean Station, TN -<br>TENNESSEE 37708 US - UNITED STATES | **Organization Id** |
| | | **Vehicle Descriptions** |
| | **History of Violence** | **Criminal History** |

**Remarks**
Cattle Slaughterhouse. Knives and cutting tools are expected to be present and in the possession of multiple subjects.

## Operation Approval History

| | |
|---|---|
| **First-Line Approval** | b) (6), (b) <br> 1033 - RESIDENT AGENT IN CHARGE <br> March 19, 2018 17:48:34.404 +00:00 |
| **Second-Line Approval** | b) (6), (b) (7) <br> 1002 - ASSISTANT SPECIAL AGENT IN CHARGE <br> March 19, 2018 17:51:06.815 +00:00 |

2019-ICLI-00027  000010