# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NATIONAL IMMIGRATION | : | | |
| LAW CENTER, | : | | |
| | : | | |
|     Plaintiff, | : | Civil Action No.: | 19-0866 (RC) |
| | : | | |
|     v. | : | Re Document No.: | 15 |
| | : | | |
| UNITED STATES DEPARTMENT OF | : | | |
| HOMELAND SECURITY, and | : | | |
| UNITED STATES IMMIGRATION AND | : | | |
| CUSTOMS ENFORCEMENT, | : | | |
| | : | | |
|     Defendants. | : | | |

## ORDER

### DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff National Immigration Law Center ("NILC") seeks to compel Defendants, the

United States Department of Homeland Security ("DHS") and United States Immigration and

Customs Enforcement ("ICE") (collectively, "the government"), to respond to a Freedom of

Information Act ("FOIA") request filed in December 2018.  *See* Pl.'s Renewed Mot. Prelim. Inj.

at 1, ECF No. 15.  The request seeks the identities of all ICE or other DHS personnel physically

present at an immigration raid conducted in Tennessee in April 2018.  *See* Pl.'s Mem. Supp.

Mot. Prelim. Inj. ("Pl.'s Mem.") at 9–10, ECF No. 15; Pl.'s Mem. Ex. H at 1, ECF No. 15-10.

NILC seeks this information so that it may name those agents as defendants in a class action

lawsuit filed in Tennessee, challenging the government's conduct during the raid.  *See id.* at 10–

11; *see also Zelaya v. Miles*, No. 3:19-cv-62 (E D. Tenn.).

This Court previously granted preliminary injunctive relief, ordering the government to

provide a document containing the information sought in NILC's request.  *See* Minute Order

(April 1, 2019).  The government complied with this order, but redacted the information NILC

seeks.  *See* Pl.'s Mem. at 14.  NILC has now filed a second motion for preliminary injunction,

asking this Court to compel the government to unredact the document.  *Id.* at 23.

"A party seeking a preliminary injunction must make a 'clear showing that four factors,

taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence

of preliminary relief, a balance of the equities in its favor, and accord with the public interest.'"

*League of Women Voters of the United States v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (quoting

*Pursuing Am.'s Greatness v. FEC*, 831 F.3d 500, 505 (D.C. Cir. 2016)).  Traditionally, courts in

this Circuit have applied a "sliding scale" approach to weighing these four factors, under which

"a strong showing on one factor [can] make up for a weaker showing on another."  *Id.* at 7

(quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)).  But this approach has been

recently called into question, at least to a degree.  *See, e.g.*, *Sherley*, 644 F.3d at 392–93 (citing

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20–24 (2008)).  With the validity of the

sliding scale approach somewhat in doubt, likelihood of success on the merits and likelihood of

irreparable harm are both particularly important.  *See Ramirez v. ICE*, 310 F. Supp. 3d 7, 17

(D.D.C. 2018).  It is clear that, in order to prevail, the moving party must, at a minimum, make

*some* showing as to each of those two factors.  *See, e.g.*, *Sherley*, 644 F.3d at 393.

The Court's analysis here begins and ends with NILC's failure to show irreparable harm.

The D.C. Circuit "'has set a high standard' for irreparable harm: 'the injury must be both certain

and great' and 'must be actual and not theoretical.'"  *Doe v. Mattis*, 889 F.3d 745, 782–83 (D.C.

Cir. 2018) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C.

Cir. 2006)).  NILC met this standard, at first.  NILC filed its first motion for preliminary

injunction because it could not identify the agents involved in the ICE raid, and the government

showed no willingness to provide that information.  If NILC could not identify the ICE agents, it could not name and serve them as individual defendants in the Tennessee litigation.  And if NILC could not name and serve the individual defendants, the statute of limitations for its *Bivens* claims against those defendants could expire as soon as April 5, 2019.  Thus, NILC faced imminent harm justifying preliminary injunctive relief.  *See* Minute Order (April 1, 2019).

The government has now, however, changed its tune.  It will provide, on April 4, 2019, "the names of ICE agents that ICE has now confirmed were present at the work site enforcement operation in question."  Notice of Intent to Comply, ECF No. 18.  With this information, NILC may amend the complaint in the Tennessee litigation and begin serving the individual defendants before the relevant statute of limitations expires on April 5.  The harm raised in NILC's motion, then, appears to have dissipated.

NILC is unsatisfied with this result.  It notes that the government "will not represent" that the thirty-seven names it intends to provide "comprise the names of all of the DHS and ICE officers present at the Raid."  Pl.'s Resp. to Notice of Intent to Comply at 1, ECF No. 19.  In other words, it is possible that other ICE agents participated in the Tennessee raid, and NILC may not be able to identify those hypothetical officers before the statute of limitations lapses.  But this argument is entirely speculative.  NILC has provided no evidence to suggest that more than thirty-seven ICE agents were involved in the raid.  And such "theoretical" harm is not sufficient to warrant preliminary injunctive relief in this Circuit.  *See Doe*, 889 F.3d at 782–83.

Moreover, NILC's FOIA request seeks information concerning agents that participated in the Tennessee raid.  *See* Pl.'s Mem. Ex. H at 1 (seeking the "[f]ull name," "[r]ank or official title," and "[o]ffice location" of each ICE or DHS agent present during the Tennessee raid).  Given the privacy issues at stake, the government is providing that information for agents that it

can confirm participated in the raid.  NILC's request requires no more.  Thus, Plaintiff's Motion for Preliminary Injunction (ECF No. 15) is **DENIED**.

      **SO ORDERED**.

Dated:  April 3, 2019                            RUDOLPH CONTRERAS
                                                  United States District Judge